PATRICK GREGG, OSB #093698
gregg@corey-byler.com
Corey, Byler & Rew, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, EUGENE DIVISION

| | |
|---|---|
| ROCKY J. BRADFORD, in his individual capacity, | No.: |
| | **COMPLAINT** |
| Plaintiff, | |
| | *Jury Trial Demanded* |
| vs. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, a Washington D.C. corporation; UNION PACIFIC RAILROAD COMPANY, a Delaware corporation; UNITED SEATING AND MOBILITY, L.L.C., a Missouri limited liability company d/b/a NUMOTION; PERMOBIL INC., a Tennessee company; JOHN DOES 1-10, in their individual and agency capacity and XYZ ENTITIES 1-5, | |
| Defendant. | |

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

COMES NOW, Plaintiff, by and through his attorneys of record and respectfully sets forth the following statement of claims.

## I. JURISDICTION AND VENUE

1. Plaintiff, Rocky Bradford, is a resident of Salem, Marion County, Oregon.

2. Defendant, Permobil Inc. is a foreign corporation domiciled in Tennessee and doing business in Oregon.  ("Permobil")

3. Permobil is in the business of designing, manufacturing, marketing, selling and leasing electronic wheelchairs, including complex wheelchairs intended for use in the public.

4. Defendant, United Seating and Mobility, LLC, d/b/a Numotion ("Numotion") is a foreign LLC domiciled in Tennessee and doing business in Oregon.

5. Numotion is a national distributor, lessor, and retail sales provider of complex rehabilitation technology, including complex power wheelchairs systems and mobility devices that require evaluation, fitting, configuration, adjustment, training and programming services.

6. Defendant, National Railroad Passenger Corporation d/b/a Amtrak

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

("Amtrak") is a foreign corporation domiciled in Washington D.C. and authorized to conduct business in the state of Oregon.

7. Amtrak is engaged in the business of a common carrier by railroad in interstate commerce and conducts regular sustained business in Marion County, Oregon.

8. Defendant, Union Pacific Railroad Company ("Union Pacific") is a foreign corporation domiciled in Delaware and authorized to conduct business in the state of Oregon.

9. Defendant, Union Pacific is engaged in the business of a common carrier by railroad in interstate commerce and conducts regular sustained business in Marion County, Oregon.

10. Defendant, Union Pacific owns, maintains and controls the operation of trains, including Amtrak trains, over crossing number 759652U (Crossing 759352U), as identified by the United States Department of Transportation, in the city of Salem that serves Silverton Road North East. Union Pacific maintains Crossing 759652U.

11. XYZ Entities 1-5 are corporations similarly situated and structured as Numotion and Permobil in that they are in the business of designing,

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

manufacturing, marketing, selling and leasing electronic wheelchairs, including complex wheelchairs intended for use in the public, including the wheelchair owned by Plaintiff.  Further, XYZ Entities 1-5 are corporations similarly situated as Union Pacific or Amtrak in that they have a duty to Maintain Crossing 759652U and manage train traffic through the city of Salem.  Upon discovery of these Entities, Plaintiff will amend the complaint accordingly.

12. John Does 1-10 represent individuals who work for Defendants, including those identified in paragraph 11, and shared those Defendants duties as outlined herein in the scope of their employment. Upon discovery of these individuals, Plaintiff will amend the complaint accordingly.

13. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of a different state than the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. Venue is proper as the events giving rise to this action took place in the city of Salem, Marion County, state of Oregon.

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

## II. FACTS

15. Plaintiff realleges the facts stated herein.

16. Prior to the accident giving rise to these claims, Plaintiff, Rocky Bradford, was involved in an accident with a horse. He worked as an exercise boy at the time.  The accident injured Rocky leaving him paraplegic.

17. Rocky was thus confined to a wheelchair; however, he was still had limited use of his lower extremities.

18. Rocky has lived in Salem, Oregon at all material times.  Salem is a town that has high railroad traffic and multiple railroad crossing.  Frequent railroad traffic includes both passenger and freight traffic with the majority of the rails designed to handle freight traffic.

19. Due to the multiple rail lines, there are multiple railroad crossings for automobiles and pedestrians.  This has resulted in multiple accidents to the point where the Salem area once held the title as the deadliest place in Oregon for railroad incidents. Joce Dewitt, *Train track fatalities down in recent years,* Stateman Journal, Dec. 21, 2013.

20. From 2013 through 2018, the number of railroad crossing accidents

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

nearly doubled within Marion County, the County where Salem is located. Ben Botkin, *Oregon railroad crossing crashes nearly double in 5 years, reasons unclear*, Statesman Journal, Aug. 7, 2019.

21. In August, 2019, Claudia Howells, former head of Oregon's Transportation Department Rail Division predicted the risk at railroad crossings would increase in Salem stating, "[p]articularly in Salem proper, as opposed to Marion County as a whole, you've got the UP (Union Pacific) main line running in a very congestion area with a lot of cars, a lot of pedestrians, so the risk is going to go up." *Id.*

22. According to the Oregon Department of Transportation, 72% of accidents between 2008 through 2017 occurred in urban locations with a significant number of incidents being concentrated in the Willamette Valley, specifically the Salem and Eugene metropolitan areas. These are high population areas with a higher-than-average number of public at-grade crossings.

23. From 2008 through 2017, Marion County had the greatest number of accidents of all Counties in Oregon. The city of Salem had the highest number of accidents of all the cities in the County. In fact, Salem had

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

the second highest number of accidents of all cities in Oregon behind only Portland; the most populated city in Oregon. <u>Oregon Department of Transportation</u>, *Oregon Highway-Railroad Crossing Safety Action Plan*, (2019)

24. In early 2018, Rocky contracted with Numotion to have a motorized wheelchair manufactured and customized for his needs.  The Numotion store Rocky worked with is located at 200 Hawthorne Ave. SE in Salem Oregon.

25. Numotion, a seller, distributor and supplier of motorized wheelchairs, holds itself out as an expert in mobility knowledge with extensive industry experience in providing wheelchairs to its customers.

26. Numotion, with over 150 locations nationwide, helps customers find the best wheelchair technology options for individual needs.  It also helps manage the insurance process for its customers and provides education and support services after a customer is provided with a wheelchair.

27. Numotion worked with Permobil in acquiring Rocky's wheelchair. Permobil is a seller, distributor, supplier and manufacturer of motorized wheelchairs. Permobil designed, manufactured, and distributed Rocky's

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

wheelchair.

28. Permobil holds itself out as a company that is passionate about providing a better life for people with mobility impairments. Permobil claims to tailor their products to meet the day-to-day reality of its users.

29. On or about June 25, 2018, Rocky received, through Numotion, a Permobil manufactured Model M1 motorized wheelchair, serial number 2523001202.

30. The Model M1 wheelchair has two front caster wheels that measure 180 x 65 mm. This converts to 7 1/16 inches tall and 2 1/2 inches wide.

31. Rocky used this wheelchair to navigate over pedestrian rail crossings which required him to travel over rail flangeways.

32. A rail flangeway is an opening or a gap, parallel to a rail, made through platforms, pavements, or track structures to permit passage of the trains wheel flanges.

33. At pedestrian crossings, flangeways present a risk and hazard to those crossing as they can trip or get caught in the flangeway.

34. As an example, the gaps can cause individuals to trip or can create hazards for those using a cane, bicycle or wheelchair because those

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

items, or parts thereof, can fall into the flangeway and become stuck.

35. Because of this hazard, the Department of Transportation issued Accessibility Standards under the Americans with Disabilities Act (ADA) which apply to public transportation facilities, including the pedestrian railroad crossing that is subject to this claim.

36. According to these standards, flangeways on pedestrian crossings must be no wider 2 1/2 inches for passenger rail and 3 inches for freight rail.

37. Crossing 759652U served both freight and passenger rail and as such, the flangeway was 3 inches wide.

38. Upon Rocky's receipt of the wheelchair, neither Permobil or Numotion warned Rocky that use of his wheelchair over railroad crossing posed a danger to him.  He was not warned that the dimensions of the front castor wheel were such that they could get stuck on the majority of rail flangeways in Salem Oregon.  He was not warned that, in the event that a castor wheel did get stuck, that the wheelchair would not have the power or maneuverability to overcome the flangeway.

39. In fact, nothing in the model M1 motorized wheelchair's Owner's or User's Manual provided a warning that the front castor wheels could fall

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

and become stuck inside a flangeway at a railroad crossing, let alone that the wheelchair did not have the power or maneuverability to extricate itself once stuck.

40. This, despite Permobil and Numotion having knowledge that wheelchairs could get stuck in flangeways when navigating railroad crossings.

41. This, despite Permobil and Numotion having knowledge of the high rail traffic in Salem requiring pedestrians to routinely cross freight rail lines that have a 3-inch gap in the flangeway at crossings.

42. On November 27, 2019, Rocky was traveling west on the sidewalk of Silverton Road in Salem Oregon when he encountered Crossing 759652U.

43. He began to cross at a perpendicular angle after ensuring no trains were approaching.

44. As he was crossing, he noticed large rocks, the size of golf balls spread throughout on the crossing.  Just before crossing the flangeway, his front castor wheel suddenly shifted. When his castor wheel shifted, it fell into the flangeway and got stuck.

COMPLAINT - Page 10 of 18

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

45. Rocky attempted to operate his chair to get out of the flangeway but the wheelchair lacked the power and maneuverability to overcome the obstacle.

46. Suddenly, Rocky heard a train horn and noticed the crossing warning lights activate and the crossing rail come down. The approaching train was an Amtrak passenger train operated by Engineer, Peter Cozzi, who was acting in the scope of his employment as an agent of Amtrak.

47. Rocky attempted to alert the oncoming Amtrak train that he was there by pointing the lights on his wheelchair in the direction of the train.

48. However, the Amtrak train was traveling at a rate of speed higher than that which is permitted in in this particular area of Salem.

49. Additionally, Amtrak personal were not properly maintaining a lookout preventing them from timely being alerted that Rocky was stuck in the tracks at the crossing, allowing them to stop before the collision.

50. Rocky then threw himself to the ground and laid as flat as possible between the flangeway, terrified of the ensuing collision with Amtrak.

51. Amtrak failed to stop the train prior to the accident and collided with Rocky's wheelchair and Rocky.

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

52. Rocky was dragged under the train suffering catastrophic injuries.

### III. FIRST CLAIM FOR RELIEF: NEGLIGENCE - AMTRAK

53. Plaintiff realleges paragraphs 1-52 herein.

54. Plaintiff's injuries were due in whole or in part to the acts and omissions of Amtrak whose negligence includes but is not necessarily limited to one or more of the following particulars:

    a.  In failing to maintain the crossing so that it would be safe for use by the public, including Plaintiff;

    b.  In operating the train which struck Plaintiff at an excessive speed.

    c.  In failing to keep and maintain a proper lookout;

    d.  In failing to slow or stop the train prior to the accident; and

    e.  In failing to issue a slow order or otherwise instruct its own crews to reduce speeds below the applicable speed limit at the appropriate time.

55. These failures amounted to a breach by Amtrak of its duties owed to Plaintiff.

### IV. SECOND CLAIM FOR RELIEF: NEGLIGENCE – UNION PACIFIC

56. Plaintiff realleges paragraphs 1-52 herein.

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

57. Plaintiff's injuries were due in whole or in part to the acts and omissions of Union Pacific whose negligence includes but is not necessarily limited to one or more of the following particulars:

    a.  In failing to construct, update, modify, and maintain the crossing so that it would be safe for use by the public, including Plaintiff;

    b.  In failing to manage Amtrak allowing it to operate its train at an unsafe speed over Crossing 759652U;

    c.  In failing to keep Crossing 759652U clear of debris by allowing rocks to accumulate on the crossing creating a hazard for pedestrians; and

    d.  In failing to maintain Crossing 759652U to be safe for use by the public, including Plaintiff.

58. These failures amounted to a breach by Union Pacific of its duties owed to Plaintiff.

V. THIRD CLAIM FOR RELIEF: PRODUCT LIABILITY - PERMOBIL

59. Plaintiff realleges paragraphs 1-52 herein.

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

60. Plaintiff's injuries were due in whole or in part to the acts and omissions of Permobil whose negligence includes but is not necessarily limited to one or more of the following particulars:

    a.  In failing to design, inspect, test, and manufacture the Plaintiff's wheelchair to be capable of safely navigating over railroad crossings, creating an unreasonably dangerous, defective condition in the wheelchair when it was produced, distributed, and sold. Namely, Permobil failed to account for the fact that the wheelchair's castor wheel was able to fall into a flangeway and the wheelchair's mobility and power was inadequate to free the castor wheel from the flangeway.

    b.  In failing to warn Plaintiff of the hazard that the front castor wheels are of the size that can fall and become stuck in flangeways at railroad crossings.

    c.  In failing to instruct Plaintiff how to properly use the product in light of the unreasonably dangerous and defective condition.

61. These failures amounted to a breach by Permobil of its duties owed to Plaintiff.

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

## VI. FOURTH CLAIM FOR RELIEF: PRODUCT LIABILITY - NUMOTION

62. Plaintiff realleges paragraphs 1-52 herein.

63. Plaintiff's injuries were due in whole or in part to the acts and omissions of Numotion whose negligence includes but is not necessarily limited to one or more of the following particulars:

   a. In failing to design, inspect, test, and manufactured, if so manufactured by Numotion, the Plaintiff's wheelchair to be capable of safely navigating over railroad crossings, creating an unreasonably dangerous, defective condition in the wheelchair when it was manufactured, sold and/ or leased. Namely, Numotion failed to account for the fact that the wheelchair's castor wheel was able to fall into a flangeway and the wheelchair's mobility and power was inadequate to free the castor wheel from the flangeway.

   b. In failing to warn Plaintiff of the hazard that the front castor wheels are of the size that can fall and become stuck in flangeways at railroad crossings, especially given the high rail traffic in the city of Salem, the place Numotion conducts

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

business.

    c. In failing to instruct Plaintiff how to properly use the product in light of the unreasonably dangerous defective condition that the castor wheels are able to fall into a flangeway and the wheelchair's mobility and power is inadequate to free the castor wheel from the flangeway, especially given the high rail traffic in the city of Salem, the place Numotion conducts business.

64. These failures amounted to a breach by Numotion of its duties owed to Plaintiff.

65. As a result of the negligence of the Defendants, each of them, Plaintiff suffered severe injuries including but not limited to, retroperitoneal hematoma, pelvic and spinal fractures, post-traumatic stress disorder, mental anguish, and unsalvageable injuries to his legs resulting in amputation.

66. As a further result of the negligence of the Defendants, each of them, Plaintiff has incurred medical charges and expenses in excess of $523,637.30 and continued to incur charges and expenses as his treatment is ongoing and is anticipated to last through the duration of his

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

lifetime. Plaintiff will amend this complaint to reflect the actual and current charges and expenses as well as the estimated future charges and expenses once discovered.

67. As a further result of the negligence of the Defendants, each of them, Plaintiff has suffered noneconomic damages in the form of pain and suffering in the amount not less than $10,000,000.00.

68. Plaintiff gives notice to Defendants, each of them, of his intentions to amend the complaint to seek punitive damages.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. For judgment in favor of Plaintiff against all defendants, individually and joint and severally as the law shall so provide, together with an award for economic and noneconomic damages that will fully and fairly compensate him for his injury claim as set forth herein.

2. For an award of reasonable attorneys' fees and costs as permitted by law, including under applicable statutes, regulations, court rules, case law, and/or recognized grounds in equity.

3. For such other relief that this court deems just and equitable.

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148

Dated this 12th day of November, 2021.

By: /s/ Patrick Gregg
Patrick Gregg, OSB #093698
gregg@corey-byler.com
Corey, Byler & Rew, LLP
222 S. E. Dorion Ave.
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148
Attorneys for Plaintiff


By: /s/ Brian Davis
Brian G. Davis, WSBA #43521
Leavy Schultz Davis P.S.
bdavis@tricitylaw.com
2415 W. Falls Ave.
Kennewick Wa, 99336
p. 509.736.1330
f. 509-736-1580
Attorneys for Plaintiff,

*Pro Hac Vice Motion Pending*

COREY, BYLER & REW, LLP
P.O. Box 218
Pendleton, OR 97801
p. 541-276-3331
f. 541-276-3148